UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| LOUIS SCHOLZ, | ) |
| Plaintiff, | ) Civil Action No. 5: 23-308-DCR |
| V. | ) |
| AMERICAN SELECT INSURANCE COMPANY, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Louis Scholz was involved in a collision with an unknown driver on November 3, 2021, in Madison County, Tennessee. As Scholz was traveling west on Interstate 40, a semi-trailer truck began to merge into his lane. Scholz swerved, contacting the concrete barrier on the left side of his car. His vehicle then bounced back to the right following the impact and exited the north side of the roadway, coming to an uncontrolled stop in s grassy area. Scholz alleges that he has suffered severe and permanent injuries resulting from the accident.

Scholz was insured at the time of the accident under an uninsured motorist ("UM") policy ("the Policy") with Defendant American Select Insurance Company ("American Select"). [*See* Record No. 16-9, p. 72.] He contends that he put American Select on notice of the claim within six weeks of the collision and kept it informed of his treatment status through the pendency of the claim. After Scholz's personal injury protection was exhausted on or about May 24, 2022, and after the parties' settlement negotiations stalled, Scholz filed suit seeking to recover benefits under the Policy on September 22, 2023. The defendant has filed

a motion to dismiss, arguing that Scholz is not entitled to UM benefits because he is precluded from recovering any damages from the uninsured motorist due to expiration of the statute of limitations. The defendant's motion will be denied because Scholz is only required to prove the fault of the uninsured motorist and the extent of damages caused by the uninsured motorist.

## I.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible upon its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court need not accept legal conclusions or unwarranted factual inferences, the complaint must be construed in the plaintiff's favor. *Sharp v. Ingham Cnty.*, 23 F. App'x 496, 498 (6th Cir. 2001). However, the Court will dismiss a complaint if the factual allegations are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

While courts are generally limited to considering the pleadings, district courts can consider certain items without converting the motion to one for summary judgment, including "exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II.

The relevant provision of Scholz's UM policy provides: "We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: 1. Sustained by an insured; and 2. Caused by an accident." [Record No. 16-9, p. 72] An "uninsured motor vehicle" includes a land motor

vehicle or trailer of any type "which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits . . . your covered auto." *Id.*

### A. Scholz may be "legally entitled" to recover damages from the unknown tortfeasor.

By default, a ten-year statute of limitations applies to actions alleging breach of a written contract, including an UM policy. *See* Ky. Rev. Stat. § 413.160; *Gordon v. Ky. Farm Bureau Ins. Co.*, 914 S.W.2d 331, 332 (Ky. 1995). However, Kentucky provides for a shorter, two-year statute of limitations for tort actions arising out of motor vehicle accidents. This limitations period begins to run from the later of the date of the injury or the date of the last payment of reparation benefits. Ky. Rev. Stat. § 304.39-230(6). In contrast, Tennessee law requires that personal injury actions arising out of motor vehicle accidents be brought within one year after the cause of action accrued. T.C.A. § 28-3-104(a)(1)(A).

American Select argues that Scholz's breach of contract claim fails because he is not "legally entitled" to recover damages from the unknown tortfeasor. Specifically, it contends that any tort claim Scholz might have brought against the tortfeasor would be barred by Tennessee's one-year statute of limitations. And because Scholz has no viable claim against the tortfeasor, American Select contends that Scholz's claim against it fails as a matter of law. However, Scholz argues that Kentucky's ten-year statute of limitations regarding written contracts applies to his claim.

Generally, interpretation of an insurance contract is a matter of law for the Court. *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810 (Ky. Ct. App. 2000) (citing *Morganfield Nat'l Bank v. Damien Elder & Sons*, 836 S.W.2d 893, 895 (Ky. 1992)). Federal courts sitting in diversity must apply state law in accordance with the controlling precedent of the highest state court. *Williams v. King Bee Delivery, LLC*, 199 F. Supp.3d 175, 183 (E.D. Ky. 2016);

*Zeigler v. IBP Hog Mkt.*, 249 F.3d 509, 517 (6th Cir. 2017). "If the state supreme court has not yet addressed the issue presented, [the federal court] must predict how the court would rule by looking to all the available data. Relevant data include decisions of the state appellate courts," and those decisions should not be disregarded unless the federal district court is presented with persuasive data indicating that the state supreme court would decide otherwise. *Williams*, 199 F.Supp.3d at 183 (quoting *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001)).

Here, the relevant contractual language provides: "We will pay compensatory damages which an insured *is legally entitled to recover* from the owner or operator of an uninsured motor vehicle because of bodily injury." [Record No. 16-9, p. 72 (emphasis added)] Kentucky courts have grappled with the meaning of "legally entitled to recover" in the context of UM policies. One line of cases applies the "essential facts" view and holds that insureds are only required to prove the fault of the uninsured motorist and the extent of damages caused by the uninsured motorist. *See Nationwide Mutual Insurance v. Hatfield*, 122 S.W.3d 36, 39 (2003). Under this approach, the insured does not have to be capable of obtaining a judgment against the tortfeasor. *Id.* (citing *U.S. Fidelity & Guaranty Co. v. Preston*, 26 S.W.3d 145 (2000)). *See also Shackelton v. Estate of Fries*, 2019 WL 3987760 (Ky. Ct. App. Aug. 2, 2019) (unpublished).

Other cases require the insured to be "legally entitled to collect" damages from the tortfeasor. *See Insurance Company v. Slusher*, 325 S.W.3d 318 (2010); *Jackson v. Estate of Day*, 595 S.W.3d 117 (Ky. 2020); *Powers v. Ky. Farm Bureau Mut. Ins. Co.*, 2022 WL 2279868 (Ky. Ct. App. June 8, 2023) (unpublished opinion). In other words, "[i]f the [uninsured] tortfeasor could not be held liable for an item of damages, that item is not

'uncompensated damages' payable by the UIM carrier." *Jackson*, 595 S.W.3d at 128 (quoting *Cincinnati Ins. Co. v. Samples*, 192 S.W.3d 311, 316 (Ky. 2006)).

Two notable "essential facts" cases concerned substantive differences in the law of Kentucky and the states in which the underlying torts occurred. *U.S. Fidelity and Guaranty Co. v. Preston*, 26 S.W.3d 145 (Ky. 2000), involved a motor vehicle accident in Georgia during which a Preston, a Kentucky citizen, was killed. The administratrix of Preston's estate brought an action against the other driver in the United States District Court for the Middle District of Georgia. Georgia had implemented a modified comparative fault scheme, which provided that a plaintiff whose negligence was greater than that of the defendant could not recover any damages. The Georgia court entered judgment for the other driver upon the jury's determination that Preston was sixty percent at fault.

U.S. Fidelity and Guaranty Company subsequently brought a declaratory action in Kentucky to determine its obligations to the Preston estate. The Supreme Court of Kentucky observed that "the public policies of Georgia and Kentucky regarding recovery in negligence cases differ greatly." *Id.* at 148. Accordingly, it concluded that the "essential facts" view was the better approach to determine whether the Preston estate was "legally entitled to recover" from the owner or operator of the other vehicle. This meant that coverage for damages caused by an uninsured motorist existed "without regard to whether the obligation of the tortfeasor can be reduced to judgment." *Id.* The court further observed that "a claimant may recover UM benefits in a hit-and-run accident in which there would be no judgment and no recovery." *Id.*

The Kentucky Supreme Court again applied the "essential facts" approach in *Nationwide Mutual Insurance v. Hatfield*, 122 S.W.3d 36, 41 (2003). There, Kentucky citizens

Charles and Elouise Hatfield were traveling in Missouri when their car was struck by a fire truck owned by the City of Montgomery. Charles Hatfield and the estate of Elouise Hatfield each recovered $100,000 from the City—the maximum permitted under its sovereign immunity exception. Since these amounts did not cover the damages caused by the accident, the Hatfields filed a claim under their underinsured motorist policy with Nationwide Mutual Insurance Company.

Nationwide rejected the claim based on language in the policy stating that it only was required to pay damages "due by law from the owner or driver of . . . an underinsured motor vehicle." *Id.* at 38. Kentucky's highest court later explained that, as was the case in *Preston*, the contract "exposed a latent ambiguity when confronted with applicable laws of foreign jurisdictions that reflected public policies of those jurisdictions sharply at odds with Kentucky law." *State Farm Mut. Auto Ins. Co. v. Slusher*, 325 S.W.3d 318, 323 (Ky. 2010). Under these facts, the court again found that the insured only had to prove the fault of the uninsured motorist and the extent of damages caused by the uninsured motorist. *Hatfield*, 122 S.W.3d at 39.

The Supreme Court of Kentucky distinguished *Preston* and *Hatfield* from *State Farm Mutual Auto Insurance Company v. Slusher*, 325 S.W.3d 318 (2010), which involved a claim under the Kentucky Workers' Compensation Act. Donald Slusher's wife Carlene sought and received workers' compensation benefits after Donald was killed during the course of his employment as a truck driver. Donald's estate subsequently sought payment under the underinsured motorist provision of his automobile insurance policy. The claim was denied on the grounds that damages were limited to those that the estate was "legally entitled to collect" and the Kentucky Workers' Compensation Act eliminated the estate's entitlement to any damages beyond those already paid under the Act. Unlike *Preston* and *Hatfield*, there was no

latent ambiguity in the policy language, as the court could find no construction of the language under which the estate could have been "legally entitled to collect" any amounts over and above what was already awarded under the Act.

American Select asserts that the decisions in *Jackson v. Estate of Day*, 595 S.W.3d 117 (Ky. 2020), and *Powers v. Ky. Farm Bureau Mut. Ins. Co.*, 2022 WL 2279868 (Ky. Ct. App. June 8, 2023), are "identical" to the instant matter. While that assertion is certainly an overstatement, the cases are instructive and are the most recent authority regarding the necessity of a viable claim against the tortfeasor in relation to an UM claim against the insurer. *Jackson* involved an accident in which Plaintiffs Marshall and Jackson were traveling in a car which was struck in the rear by a vehicle operated by Gary Day. 595 S.W.3d at 119. At the time of the collision, Day's vehicle was insured by State Farm and Marshall's vehicle was insured by USAA. Both Marshall and Jackson received basic reparation benefits from USAA, with the last payments being made on May 30, 2014, and July 1, 2014, respectively. The court observed that, by operation of Kentucky's two-year statute of limitations, the plaintiffs' limitations periods for bringing personal injury claims against Day expired on May 30, 2016, and July 1, 2016, respectively. *Id.* at 120 (citing Ky. Rev. Stat. § 304.39-230(6)).

Marshall and Jackson filed negligence claims against Day on December 29, 2015. However, unknown to them, Day died on December 31, 2014. The summons was returned undelivered on February 5, 2016, but did not indicate that Day was deceased. On March 8, 2016, the plaintiffs amended their complaint to add USAA as a defendant for underinsured (UIM) motorist benefits. An alias summons was issued to Day's last known address and was again returned as undelivered on April 12, 2016. The plaintiffs had another alias summons issued to Day for service *via* a sheriff on April 28, which was returned to the clerk's office

- 7 -

undelivered on May 18, 2016, with a notation that Day was deceased, although the notation on CourtNet only stated, "alias not found." Having been unable to effectuate service on Day, the plaintiffs sought appointment of a special bailiff in August 2016. When the special bailiff attempted service, Day's former wife informed him that Day had passed away. He, in turn, advised the plaintiffs of Day's death.

After the statute of limitations had expired, the plaintiffs petitioned the probate court in August 2016 to appoint a public administrator for Day's estate. Following appointment of an administrator, in November 2016, the plaintiffs filed a second amended complaint naming the administrator of Day's estate in place of Day individually. Both the estate and USAA filed motions for summary judgment, arguing that the plaintiff's claims were barred by the two-year statute of limitations. The court determined that the plaintiffs' claims against the estate were untimely—an error that could have been avoided had the plaintiffs exercised due diligence.

In its unpublished order granting summary judgment, the trial court held that, "because a tortfeasor's liability is an element of an [UIM] claim," and because Day was not liable to the plaintiffs based on the statute of limitations, the plaintiffs were precluded from recovering UIM benefits from USAA. *Id.* at 127-28. The Supreme Court of Kentucky noted that Marshall and Jackson had not identified the UIM argument as a question of law for the court to review upon discretionary review and, therefore, the question was not properly before it. Regardless, the court "reiterate[d] . . . for clarity . . . that a UIM carrier is 'liable only for damages for which the insured would have been compensated but for the fact that the tortfeasor was underinsured. . . . [I]f the underinsured tortfeasor could not be held liable for an item of damages, that item is not 'uncompensated damages' payable by the UIM carrier." *Id.* at 128 (quoting *Cincinnati Ins. Co. v. Samples*, 192 S.W.3d 311, 316 (Ky. 2006)).

*Powers* involved analogous facts. 2022 WL 2279868 (Ky. Ct. App. June 24, 2022) (unpublished). Powers and Carruthers were involved in a car accident in which Carruthers was at fault. Powers filed suit against Carruthers and Powers' underinsurance carrier, Kentucky Farm Bureau. However, unknow to Powers, Carruthers had passed away before Powers filed the complaint. Powers did not seek to amend her complaint to substitute Carruthers' estate prior to expiration of the statute of limitations. The court dismissed her personal injury claims against Carruthers and denied her belated motion to amend her complaint, finding that she had failed to act with requisite diligence. *Id.* at *4.

The court concluded that, because the underlying claims against Carruthers and/or his estate were not viable, no underinsured claim could lie against Farm Bureau. *Id.* at *9. The insurance policy contained language similar to that included in Scholz's policy: Farm Bureau would pay underinsured benefits that Powers was "legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury. . . ." *Id.* Relying on the decision in *Jackson*, Farm Bureau argued that because Powers had no viable claim against Carruthers, she had no viable claim for insurance benefits under the policy. Although the "underinsured discussion in *Jackson* [was] dicta," the *Powers* court had "no doubt" that Farm Bureau's position was correct. *Id.* at *9.

These recent decisions strongly indicate that an insured seeking UM benefits must have a viable claim against the tortfeasor to maintain a claim for benefits against the UM insurer. But the "essential facts" line of cases suggests that a "viable claim" may sometimes exist due to a foreign law that conflicts with Kentucky's law and policy. While this case lies somewhere in between the cases discussed herein, equitable concerns lean heavily toward applying the essential-facts approach here.

Unlike the plaintiffs in *Jackson* and *Powers*, Scholz was involved in a hit-and-run accident in a foreign jurisdiction. And identifying a defendant who is completely unknown is a significantly more challenging task than learning whether a known defendant has died. American Select's suggested approach in this case would significantly shorten the contractual statute of limitations for practical purposes. The defendant apparently suggests that Scholz should have sued the unidentified driver as a John Doe in Tennessee within a year of the collision. However, *substitution* of a John Doe must occur prior to expiration of the applicable statute of limitations. *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). This means Scholz would have had just one year to file a personal injury claim and substitute the actual driver in place of John Doe or risk forfeiting his UM benefits claim. This result is irreconcilable with Kentucky's policy of providing two years to bring such claims. *See* Ky. Rev. Stat. § 304.39-230(6).

This situation presents a latent ambiguity analogous to those contemplated by the Kentucky Supreme Court in *Slusher*, 325 S.W.3d 318, 323 (Ky. 2010). Accordingly, the Court looks to the insured's reasonable expectations. *See True v. Raines*, 99 S.W.3d 439 (Ky. 2003). Based on the lack of legal authority in Kentucky involving UM coverage with respect to hit-and-run drivers, Scholz reasonably expected the "essential facts" approach to apply and for the 10-year statute of limitations for contract actions to govern his breach of contract claim against American Select. *See Crenshaw v. Weinberg*, 805 S.W.2d 129, 131 (Ky. 1991) (observing that the "primary purpose" of the Kentucky Motor Vehicle Reparations Act, Ky. Rev. Stat. § 304.39-010, *et seq.*, "is to benefit motor vehicle accident victims by reforming, and in some areas broadening, their ability to make and collect claims").

### B. Whether Scholz's vehicle made physical contact is a question of fact.

American Select also contends that dismissal is appropriate because Scholz's vehicle did not make any physical contact with the hit-and-run driver's vehicle. *See Jett v. Doe*, 551 S.W.2d 221, 223 (Ky. 1977). In support, it cites a Traffic Crash Report which indicates that one vehicle was involved in the incident. The defendant also has provided a purported photograph of Scholz's vehicle, showing "no damage" to "the only areas where the unknown vehicle could have made contact with the Plaintiff's vehicle." However, Scholz's Complaint alleges that the unknown driver's vehicle collided with Scholz's vehicle.[1] The allegations in the Complaint are presumed to be true at this stage of the proceedings. Accordingly, the defendant's motion to dismiss on this ground will be denied.

### C. Punitive damages are not recoverable on a claim for uninsured motorist benefits.

Scholz's Complaint includes a claim for punitive damages. American Select has moved to dismiss this request, as punitive damages are not recoverable against an insurer with respect to UM benefits. *See Kentucky Cent. Ins. Co. v. Schneider*, 15 S.W.3d 373, 374-76 (Ky. 2000). Scholz did not respond to this argument. Having reviewed the authority cited by the defendant, the Court agrees that punitive damages are outside the UM coverage and therefore are not recoverable.

### III.

Scholz has filed a motion for leave to file a sur-reply. In support, he contends that the motion to dismiss relies on matters outside the pleadings and therefore must be treated as a motion for summary judgment. However, for the reasons previously explained, that is not the

---

[1] Scholz has also indicated in discovery responses that the vehicles made contact. [*See* Record No. 16.]

case. Further, the tendered sur-reply mainly seeks to expand on arguments already raised and addressed herein. Accordingly, that motion will be denied.

### IV.

For the reasons outlined above, it is hereby **ORDERED** as follows:

1. Defendant American Select Insurance Company's motion to dismiss [Record No. 5] is **DENIED** except for the plaintiff's claim for punitive damages against Defendant American Select. The motion is **GRANTED** regarding the plaintiff's claim for punitive damages.

2. Plaintiff Louis Scholz's motion to file a sur-reply [Record No. 20] is **DENIED**.

Dated: March 14, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky